## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

**FILED**

| | |
|---|---|
| 1.     **JOYCE A. JOHNSON,**     ) | **DEC 0 8 2003** |

1.      **JOYCE A. JOHNSON,**           )
                                        )
                    **Plaintiff,**       )
                                        )
**vs.**                                 )          **CASE NO.**
                                        )
1.      **JANI-KING,**                  )
                                        )
                    **Defendant.**       )

D. DENNIS, CLERK
DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

**CIV-03-1680-HE**

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1.      This is a civil action alleging employment discrimination and illegal discharge from employment because of gender, race, color, and retaliation in violation of the following federal statutes: The Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., ("Title VII").

### II.  PARTIES

2.      Plaintiff, Joyce A. Johnson, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of Oklahoma City, Oklahoma.

3.      Defendant, Jani-King, is a business entity that does business in Oklahoma City, Oklahoma, and employees individuals to work within the Western District of Oklahoma.

### III.  JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction under 28 U.S.C. § 1331and 42 U.S.C. § 2000e5(f)(3).

5.      Venue is proper under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5 (f)(3).

## IV.  CONDITIONS PRECEDENT

6.      Plaintiff timely filed a joint charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Human Rights Commission ("OHRC") on September 9, 2003.

7.      Plaintiff was issued a notice of right to sue dated September 9, 2003, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice.

8.      Plaintiff has exhausted her administrative remedies under federal law.

## V.  FACTUAL ALLEGATIONS

9.      Defendant does business in Oklahoma City, Oklahoma, where Plaintiff was employed.

10.     Plaintiff was employed by Defendant from approximately August, 2002, until on or about August 9, 2003, when she was discharged from employment.

11.     Plaintiff was qualified to perform her job duties, and performed her job duties in a satisfactory manner while employed by Defendant.

12.     Plaintiff is a female whose race is African American and whose color is black.

13.     While employed by Defendant, Plaintiff was subjected to discriminatory treatment because of her race, color of skin, and gender, and/or in retaliation because she complained of illegal discrimination based upon her race, color, and gender.  Disparate and discriminatory adverse treatment directed toward Plaintiff by Defendant included, but was not limited to, imposition of a hostile work environment, denial of promotion and wage increase, over-scrutiny

of work performance, being subjected to different terms and conditions of employment, and wrongful discharge from employment.

14.     While employed by Defendant, Plaintiff also complained to Defendant's supervisory and management personnel about sexual harassment by a co-worker. Thereafter, Plaintiff was subjected to quid pro quo sexual harassment by her supervisor, including remarks, physical touching, and sexual relations.

15.     Plaintiff was discharged under circumstances in which non-black and/or male employees would not be discharged; and/or Plaintiff's job duties were assigned to non-black and/or male employees.

16.     Reasons given by Defendant for adverse actions against Plaintiff are pretextual.

17.     As a result of Defendant's actions, Plaintiff has sustained loss of seniority, loss of wages, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but not limited to, emotional distress, mental anguish, and humiliation.

18.     All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or in reckless disregard for the legal rights of Plaintiff.

## VI.  FIRST CAUSE OF ACTION:
## VIOLATION OF 42 U.S.C. SECTION 1981

19.     Plaintiff incorporates hereunder by reference paragraphs 1-18, as set forth above.

20.     Defendant's intentional, willful, and malicious actions in discriminating against Plaintiff in the terms and conditions of her employment, including, without limitation, discharge, because of her race and color, and/or retaliation because she complained of discrimination based upon her race and color, violated Plaintiff's rights set forth in 42 U.S.C. § 1981.

21.     As a result of Defendant's intentional illegal actions in violation of 42 U.S.C. § 1981, Plaintiff suffered losses and damages as set forth in paragraph 17, above.

22.     As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff is entitled to recover all actual and compensatory damages, punitive damages, and her costs and attorney's fees.

## VII. SECOND CAUSE OF ACTION:
## VIOLATION OF TITLE VII

23.     Plaintiff incorporates hereunder by reference paragraphs 1-22, as set forth above.

24.     Defendant employs over fifteen (15) employees.

25.     Defendant is engaged in interstate commerce.

26.     Defendant is an "employer" as that term is defined in Title VII, and Defendant is subject to the requirements of Title VII.

27.     Defendant's adverse actions taken against Plaintiff because of her race, color, gender, and/or retaliation violated Title VII.

28.     As a result of Defendant's illegal actions under Title VII, Plaintiff has suffered personal injury, losses, and damages, as set forth in paragraph 17, above.

29.     Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under Title VII, including, without limitation: back pay, reinstatement to her rightful place or front pay in lieu thereof, compensatory and punitive damages, her costs and attorney's fees, and appropriate declaratory and injunctive relief.

## IX.  PRAYER FOR RELIEF

30.     Plaintiff prays for judgment as follows:

A.    Payment to Plaintiff of back wages and benefits;

B.    Reinstatement to Plaintiff's rightful position to which she would be entitled but for Defendant's illegal actions, or alternatively, appropriate front pay;

C.    All compensatory damages, including, but not limited to, those for emotional distress and mental anguish;

D.    Punitive or exemplary damages;

E.    Declaratory and injunctive relief as appropriate; and,

F.    Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

RAYMOND C. DURBIN, OBA No. 2554
601 N.W. 13th Street
Oklahoma City, Oklahoma 73103-2213
Phone:        (405) 521-0577
Fax:          (405) 525-0528

ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED.**
**JURY TRIAL DEMANDED.**